### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY JOHN WISEMAN,** | ) | **CASE NO. 5:22 CV 2216** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | **Magistrate Judge Darrell A. Clay** |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court on the Complaint filed by Plaintiff, Timothy John Wiseman, challenging the Commissioner of Social Security's final determination denying his Application for a Period of Disability and Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 423(a), 1382(a).  (Docket #1.)  On December 8, 2022, this matter was referred to Magistrate Judge Darrell A. Clay pursuant to Local Rule 72.2.

Mr. Wiseman raises two assignments of error in his challenge to the ALJ's decision.  Mr. Wiseman argues that the ALJ did not properly apply Social Security Ruling (SSR) 16-3p by failing to include specific reasons for his findings on Mr. Wiseman's subjective symptom statements and that the ALJ's Residual Functional Capacity ("RFC") assessment is not supported by substantial evidence.

**Report and Recommendation**

On November 13, 2023, the Magistrate Judge issued his Report and Recommendation

(Docket #11), recommending that the Commissioner of Social Security's final determination,

denying Mr. Wiseman's Application for a Period of Disability and Disability Insurance Benefits,

be reversed and the case remanded.  The Magistrate Judge explained as follows:

> In light of the ALJ's failure to acknowledge evidence that conflicts with his
> findings and the other identified concerns, including lay interpretation of medical
> terms and mischaracterization of the record, I cannot conclude that substantial
> evidence supports the ALJ's evaluation of Mr. Wiseman's statements concerning
> the intensity, persistence, and limiting effects of his symptoms.  Therefore, I
> recommend the District Court reverse the ALJ's decision and remand for further
> proceedings consistent with this recommendation.

(Docket #11 at p. 31.)

In his analysis, the Magistrate Judge referenced the ALJ's attention to what Plaintiff's

medical examiners had noted as a "clearly exaggerated response on physical examination."  The

Magistrate Judge challenged the ALJ's analysis to the extent it appeared as though "the ALJ

interpreted the clinical term 'exaggerated' as synonymous with Mr. Wiseman embellishing his

symptoms," rather than as a medical term of art used to indicate the spasticity of a reflex response.

(Id. at p. 28.)  The Magistrate Judge concluded, "Because an exaggerated reflex is a clinical

finding and not commentary on the truthfulness of the patient, the evidence does not support the

ALJ's conclusion to discount Mr. Wiseman's symptoms."  (Id. at p. 29.)

Further, the Magistrate Judge found that the ALJ failed to take "a longitudinal view of Mr.

Wiseman's abilities and their degeneration over time," noting that during the August 2021

Administrative Hearing, "Mr. Wiseman described a far more restricted typical day" than he had

previously endorsed in his Adult Function Report on October 12, 2020.  (Id.)  The Magistrate

-2-

Judge explained, "Without instruction from the ALJ resolving these discrepancies, it [sic] impossible to determine whether he discounted or overlooked this evidence" and "the Court cannot determine whether the ALJ's conclusions are supported by substantial evidence." (Id.)

Finally, the Magistrate Judge found clear error in the ALJ's assertion that Mr. Wiseman "was assessed as independent with all activities of daily living." (Id. at p. 30.) Specifically, the Magistrate Judge points to the ALJ's conclusion that Mr. Wiseman was independent in his daily activities in November 2020, when the evidence of record indicates Mr. Wiseman was precluded from tying his shoes, typing, drawing, sketching and painting as a result of the fracture of his right fifth finger and related surgery in October 2020. (Id. at pp. 30-31.)

In addition to the foregoing, the Magistrate Judge indicated that because of the errors in the ALJ's evaluation of Mr. Wiseman's symptoms and daily activities, he was unable to determine whether the ALJ's RFC finding is supported by substantial evidence.

**The Commissioner's Objections to the Report and Recommendation.**

On November 21, 2023, the Commissioner filed Objections to the Magistrate Judge's Report and Recommendation (Docket #12), noting first that Mr. Wiseman never raised the issue of whether the ALJ misinterpreted the term "exaggerated" in briefing and, therefore, should be deemed to have waived any argument regarding the same. (Id. at pp. 1-2.) The Commissioner went on to explain that while the ALJ mentioned "clearly exaggerated responses on physical examination," that finding was mentioned "as only one of several related pieces of evidence that he considered," including "an examination finding of marked somatic preoccupation;" "self-report scales showing that Plaintiff was 'catastrophizing his pain;'" "a chronic pain recovery record indicating that Plaintiff did not talk about his pain until asked about it;" and, "Plaintiff's cessation

of work due to a pandemic-related layoff." (Id. at p. 2.)  As quoted by the Commissioner, the ALJ

explained:

> These observations are not intended to imply an intent to deceive or mislead.
> Clearly, since the claimant has been recommended for inclusion in the chronic pain
> recovery program (10F/12), there is a genuine psychopathology component
> involved.  Rather, these observations are intended to demonstrate why the
> claimant's subjective allegations have been treated with the utmost care.

(Id.)

The Commissioner argues that the ALJ "extensively discussed the consistency of

Plaintiff's reported symptoms with the objective medical evidence of record," as contemplated

under 20 C.F.R. § 404.1529(c)(3), discussing "multiple reports or medical records in which [Mr.

Wiseman] described his activities." (Id. at p. 3.)  While the Magistrate Judge concluded that the

ALJ failed to consider the degeneration of Mr. Wiseman's abilities over time and mischaracterized

Mr. Wiseman's ability to perform the activities of daily living subsequent to his finger

fracture/surgery in 2020, the Commissioner urges the Court to recognize the other evidence of Mr.

Wiseman's independence in daily activities included in the ALJ's analysis.  (Id. at pp. 3-4.)  The

Commissioner argues that the ALJ reasonably considered the consistency of Mr. Wiseman's

reported symptoms in accordance with SSR 16-3p, and correctly concluded that Mr. Wiseman had

limitations consistent with an ability to perform a restricted range of light work based on the prior

administrative findings of the State agency medical consultants.  (Id. at pp. 4-5.)

### Mr. Wiseman's Response to the Commissioner's Objections.

On November 24, 2023, Mr. Wiseman filed his Response to the Commissioner's

Objections (Docket #13), stating that he agrees with the Magistrate Judge's analysis and asks the

Court to adopt the Magistrate Judge's Report and Recommendation and remand the matter for

-4-

further proceedings. (Id. at p.1.)

### Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. FED. R. CIV. P. 72(b) provides:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by § 205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g).

The substantial evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. Ohio 2011) (citing *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (citation omitted)). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. Ohio 2007). In deciding whether the Commissioner's findings are supported by substantial evidence, the Court considers the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 361 (6th Cir. Mich. 1978).

Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if evidence exists in the record upon which the ALJ could have found the applicant disabled.

The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. Ohio 2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole*, supra, citing *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. Ky. 2009) (citations omitted).

The Commissioner's conclusion must be affirmed "'absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record.'" *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. Tenn. 2005) (quoting *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. Mich. 2004)). Courts are not required to "'convert judicial review of agency action into a ping-pong game'" where "'remand would be an idle and useless formality.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 654 (6th Cir. Mich. 2009) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. Ohio 2001); *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969)).

### Discussion

The Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*, analyzing the Commissioner's Objections to the Report and Recommendation and Mr. Wiseman's Response thereto, including all of the filings and documents of record in this case, in conjunction with the applicable statutory and case law. The Court has also reviewed the ALJ's

-6-

decision in great detail.  Based on this comprehensive review, the Court hereby declines to adopt the Report and Recommendation of the Magistrate Judge.  The ALJ properly applied Social Security Ruling (SSR) 16-3p in evaluating Mr. Wiseman's subjective complaints and the ALJ's determination regarding Mr. Wiseman's RFC is supported by substantial evidence.

As succinctly set forth by Magistrate Judge Clay, an ALJ follows a two-step process for evaluating an individual's symptoms.  First, the ALJ determines whether the individual has a medically determinable impairment that could reasonably be expected to produce the alleged symptoms. SSR 16-3p.  (Docket #11.)  Second, the ALJ evaluates the intensity and persistence of the individual's symptoms and determines the extent to which they limit the individual's ability to perform work-related activities.

At the second stage, recognizing that some individuals may experience symptoms differently and may be limited by symptoms to a greater or lesser extent than other individuals with the same medical impairments, the same objective medical evidence, and the same nonmedical evidence, the ALJ considers the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case.  In addition, the ALJ uses the following factors, set forth in 20 C.F.R. § 404.1529(c)(3), to evaluate the individual's statements:

1.  A claimant's daily activities;

2.  The location, duration, frequency, and intensity of pain or other symptoms;

3.  Factors that precipitate and aggravate the symptoms;

4.  The type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms;

5.      Treatment, other than medication, an individual receives or has received for relief from pain or other symptoms;

6.      Any measures other than treatment an individual uses or used to relieve pain or other symptoms; and,

7.      Any other factor concerning an individual's functional limitations and restrictions due to pain and other symptoms.

(Id.)  The ALJ is not required to analyze all seven factors, only those germane to the alleged symptoms.  *See, e.g., Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005) ("The ALJ need not analyze all seven factors identified in the regulation but should provide enough assessment to assure a reviewing court that he or she considered all relevant evidence.").

The ALJ must explain which of an individual's symptoms are consistent or inconsistent with the evidence of record and how the ALJ's evaluation of the symptoms led to his conclusions.  However, the ALJ is not required to accept the claimant's subjective complaints and may discount subjective testimony when the ALJ finds those complaints are inconsistent with objective medical and other evidence.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. Mich. 2003).  The ALJ need not "make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as whole show that he implicitly resolved such conflicts." *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. Mich. 2006). The ALJ's decision must include "specific reasons for the weight given to the individual's symptoms" in a "consistent" and "clearly articulated" way, so "any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at *10.  The decision need not use any "magic words," so long as it is clear from the decision as a whole why the ALJ reached a specific conclusion.  *See Christian v. Comm'r of Soc. Sec.*, Case No. 3:20 CV 1617, 2021 U.S. Dist. LEXIS 145677 (N.D. Ohio Aug. 4, 2021).

-8-

An ALJ's determination of subjective evidence receives great deference on review. *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 714 (6th Cir. Mich. 2012). Absent compelling reason, this Court may not disturb the ALJ's analysis of the claimant's subjective complaints, or the conclusions drawn from it. *Baumhower v. Comm'r of Soc. Sec.*, No. 3:18 CV 0098, 2019 U.S. Dist. LEXIS 46063, at *4 (N.D. Ohio Mar. 20, 2019). "As long as the ALJ cited substantial, legitimate evidence to support his factual conclusions, we are not to second-guess[.]" *Ulman*, 693 F.3d at 713-14.

The ALJ reasonably considered, as is required under SSR 16-3p, the consistency of Mr. Wiseman's reported symptoms with the objective evidence of record. While it is questionable whether the ALJ incorrectly interpreted the clinical term "exaggerated" to be synonymous with Mr. Wiseman embellishing his symptoms, the ALJ cited additional related evidence of record considered in evaluating Mr. Wiseman's abilities and limitations. As set forth above, the evidence cited by the ALJ included an examination finding of marked somatic preoccupation on behavioral examinations; self-report scales showing that Mr. Wiseman was "catastrophizing his pain;" a chronic pain recovery record indicating that Mr. Wiseman did not talk about his pain until asked about it; the recommendation that Mr. Wiseman be included in the chronic pain recovery program; and, the fact that Mr. Wiseman stopped working due to a pandemic-related layoff. (Transcript at p. 33.) The ALJ was also careful to explain that "these observations [were] not intended to imply an intent to deceive or mislead," but rather to demonstrate why the objective evidence of record was emphasized and "why the claimant's subjective allegations [were] treated with the utmost care." (Id.) The ALJ's analysis was not limited to the foregoing, but these factors were appropriately considered collectively when evaluating the consistency of

-9-

Mr. Wiseman's reported symptoms with the medical evidence of record.

Furthermore, while Mr. Wiseman testified at the August 2021 Administrative Hearing that his symptoms had worsened and that his daily activities were far more restricted than previously endorsed in his October 12, 2020 Adult Function Report, the Court is not persuaded, considering the record as a whole, that the ALJ failed to sufficiently consider the potential degeneration of Mr. Wiseman's limitations over time. As explained by the Sixth Circuit, "[T]he fact that the ALJ's opinion failed to discuss all of the testimony and evidence presented to him does not mean that the ALJ 'failed to consider' the evidence." *Loral Defense Systems-Akron v. NLRB*, 200 F.3d 436, 453 (6th Cir. Ohio 1999). The Court, quoting *NLRB v. Beverly Enterprises-Massachusetts*, 174 F.3d 13 (1st Cir. Mass 1999), stated as follows:

> An ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party. Nor must an ALJ make "explicit credibility findings" as to each bit of conflicting testimony, so long as his factual findings as a whole show that he "implicitly resolved" such conflicts.

*Loral*, 200 F.3d 436, 453.

The ALJ presented a thorough and detailed analysis in his decision, including specific references to, and discussion regarding, Mr. Wiseman's treatment records through July 26, 2021. Mr. Wiseman's Administrative Hearing was held on August 3, 2021, in close temporal proximity to the most recent medical evidence of record. The ALJ conducted the Administrative Hearing and the Hearing Transcript is part of the Record. The ALJ's written decision, taken as a whole, demonstrates sufficient and comprehensive consideration and analysis of Mr. Wiseman's activity limitations throughout proceedings.

Admittedly, the ALJ incorrectly stated in his decision, "As recently as November 2020, [Mr. Wiseman] was assessed as independent with all activities of daily living," when in fact the

medical evidence of record indicated Mr. Wiseman's fractured finger and surgery resulted in limitations with tying shoes, using zippers, drawing, painting and sketching at that time. These limitations were not present prior to the fracture and surgery. However, in the two months immediately preceding his fracture and surgery, as cited by the ALJ, Mr. Wiseman indicated he was able to engage in light household cleaning; complete "fix-it" repairs; prepare meals and launder clothes occasionally; drive a car; shop in stores; manage his own medications, finances and email; use a computer; and, watch movies and listen to audio books for pleasure. (Transcript at p. 32.) The ALJ's analysis included reference not only to Mr. Wiseman's activities prior to November 2020, but also included reference to the medical evidence of record beyond November 2020. Accordingly, viewing the Record as a whole, the ALJ's error regarding Mr. Wiseman's limitations in November 2020 was not so significant that it would invalidate the balance of the ALJ's analysis.

Finally, the ALJ's conclusion that Mr. Wiseman's limitations were consistent with the ability to perform a restricted range of light work is supported by substantial evidence. The ALJ relied on the prior administrative medical findings of the State agency medical consultants in concluding that Mr. Wiseman had the RFC to perform a restricted range of light work. (Transcript at pp. 29-34.) Mr. Wiseman quotes *Griffith v. Colvin*, Case No. 1:13 CV 2502, 2014 U.S. Dist. LEXIS 159252 (N.D. Ohio Nov. 12, 2014), for the proposition that "a district court cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Griffith*, at *3 (quoting *Fleischer v. Astrue*, 774 F. Supp.2d 875, 877 (N.D. Ohio 2011)). However, the ALJ's decision is supported by substantial

-11-

evidence, and the ALJ's analysis, considered in its entirety, sufficiently supports his conclusions regarding Mr. Wiseman's RFC.

**Conclusion**

As set forth above, the Court declines to adopt the Report and Recommendation (Docket #11) of the Magistrate Judge.

The final determination of the Commissioner of Social Security denying Plaintiff, Timothy John Wiseman's Application for a Period of Disability and Disability Insurance Benefits is supported by substantial evidence and is hereby AFFIRMED.

This case is hereby TERMINATED.

IT IS SO ORDERED.

DONALD C. NUGENT
United States District Judge

DATED: November 8, 2013